UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                                  Criminal Case No. 14-20567

Deondre Byrd (D-1), Deangelo                    Sean F. Cox
Little (D-2), and Jahmila Washington      United States District Court Judge
(D-3),

      Defendants.
_____/

**<u>OPINION & ORDER</u>**

      This three-defendant criminal action is currently before the Court on six pre-trial motions

filed by Defendant Jahmilia Washington.  Defendants Byrd and Little filed one-page notices

stating that they join several of the motions.  The Court heard oral argument on all the motions

on March 25, 2014.  For the reasons set forth below, the Court shall:

     1)      DENY the Motion for Bill of Particulars (D.E. No. 31);

     2)      DENY the "Motion To Require Disclosure And Production Of
                  Prosecution Informants" (D.E. No. 32);

     3)      DENY AS MOOT the "Motion For Disclosure Of *Brady* Materials" (D.E.
                  No. 33);

     4)      DENY the "Motion To Suppress All Evidence Produced By The Search
                  And Seizure Warrant Executed On 1460 Jeff In Ypsilanti And Request For
                  An Evidentiary Hearing" (D.E. No. 34);

     5)      DENY the "Motion For Disclosure Of Grand Jury Transcripts And
                  Exhibits" (D.E. No. 35); and

     6)      DENY Washington's "Motion For Severance Of The Parties" (D.E. No. 36).

## BACKGROUND

There are three Defendants in this case: 1) Deondre Byrd; 2) Deangelo Little; and 3) Jahmilia Washington.

The Indictment charges: 1) all three Defendants with Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841 & 846 (Count One); 2) Byrd and Little with possession of a stolen firearm, in violation of 18 U.S.C. §922(j) (Count Two); 3) Byrd with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three); 4) Byrd and Little with being in possession of a Firearm with Obliterated Serial Number, in violation of 18 U.S.C. § 922(k) (Count Four); 5) Byrd and Little with being in Possession of Firearms in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Five); 6) Byrd with being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Six); 7) Byrd with being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Seven); 8) Byrd and Little with Possession with Intent to Distribute Controlled Substance (Heroin), in violation of 21 U.S.C. § 841(a)(1) (Count Eight); 9) Byrd and Little with Possession with Intent to Distribute Controlled Substance (Cocaine), in violation of 21 U.S.C. § 841(a)(1) (Count Nine); and 10) Byrd and Little with Possession with Intent to Distribute Controlled Substance Cocaine Base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1) (Count Ten).  The Indictment also contains forfeiture allegations.

The deadline for filing motions was January 21, 2015.  (*See* Docket Entry No. 29).

On  January 21, 2015, Counsel for Defendant Washington filed the following pre-trial motions:  1) a Motion for Bill of Particulars (D.E. No. 31); 2) a "Motion To Require Disclosure

And Production Of Prosecution Informants" (D.E. No. 32); 3) a "Motion For Disclosure Of *Brady* Materials" (D.E. No. 33); 4) a "Motion To Suppress All Evidence Produced By The Search And Seizure Warrant Executed On 1460 Jeff In Ypsilanti And Request For An Evidentiary Hearing" (D.E. No. 34); 5) a "Motion For Disclosure Of Grand Jury Transcripts And Exhibits" (D.E. No. 35); and 6) a "Motion For Severance Of The Parties."  (D.E. No. 36).

On January 30, 2015, Counsel for Defendant Byrd filed five Notices that consist of a single sentence stating that Defendant Byrd "concurs and joins" five of the motions filed by Washington (D.E. Nos. 31, 32, 33, 34, 35). Thus, he seeks to join all but the Motion for Severance.

On January 30, 2015, Counsel for Defendant Little filed a two-sentence "Motion To Join" four of the motions that Washington had filed (D.E. Nos. 31, 32, 33, and 35). Thus, Little seeks to join all motions except the Motion to Suppress and the Motion to Sever.

Thus, Counsel for Defendants Byrd and Washington filed notices or motions that seek to join the timely motions filed by Defendant Washington without adding any argument or analysis.

Counsel for the Government filed responses to all of the motions on February 25, 2015.

On February 27, 2015, this Court issued a Notice, advising that the Court would be hearing the pending motions on March 25, 2015, at 9:30 a.m. and directing that "[i]f a party feels that an evidentiary hearing is necessary, no later than March 16, 2105, that party shall file a witness list with the Court which identifies each witness that party may call at the evidentiary hearing." (Docket Entry No. 51).

No one filed a witness list and, therefore, the Court heard oral argument on the pending motions on March 25, 2015, but did not conduct an evidentiary hearing.

3

**ANALYSIS**

**A.     Motion for Bill of Particulars (All 3 Defendants)**

Defendant Washington filed this Motion for Bill of Particulars, asking that the Court

order the Government to provide her with a Bill of Particulars as to Count One.  Defendants Byrd

and Little join in this motion but no offered no argument or analysis.

Defendant Washington asks the Court to direct the Government to file a bill of particulars

as to Count One, the conspiracy charge.

This Motion for Bill of Particulars is brought under Fed. R. Crim. P. 7(f), which provides,

in pertinent part:

> (f) Bill of Particulars.  The court may direct the government to file a bill of
> particulars.  The defendant may move for a bill of particulars before or within 10
> days after arraignment or at a later time if the court permits.  The government may
> amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

It is well established that a motion for a bill of particulars lies within the sound discretion

of the trial court.  *United States v. Kendall*, 665 F.2d 126, 134 (6th Cir. 1981).

The Sixth Circuit has held that there are three primary purposes served by a bill of

particulars: 1) to apprise the defendant of the crime charged with sufficient particularity to enable

him to prepare a proper defense; 2) to avoid prejudicial surprise at trial; and 3) to enable the

defendant to plead his acquittal or conviction as a bar to later prosecution for the same offense.

*See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Vassar*,

2009 WL 2959290, *3 (6th Cir. Sept. 16, 2009).

A bill of particulars, however, "is not meant as a tool for the defense to obtain detailed

4

disclosure of all evidence held by the government before trial." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (internal quotation marks and citation omitted). In particular, the government need not furnish the names of all alleged co-conspirators in an indictment. *Id*. Nor may a bill of particulars be employed to compel the Government to provide the essential facts regarding the existence and formation of a conspiracy, including the overt acts which it intends to prove. *See Salisbury*, 983 F.2d at 1375.

In the instant case, the Indictment adequately sets forth the elements of the conspiracy offense Defendants are charged with, the time and place of their allegedly illegal conduct, the type of narcotics distributed by the conspiracy, and a citation to the relevant statutes. Nothing more is required. *See, e.g., United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (bill of particulars properly denied where indictment set forth object of conspiracy, relevant time period, and cited proper statute).

Furthermore, the Government's brief indicates that it has made rather extensive pretrial disclosures to Defendants in this matter:

5.      On November 3, 2014, the government provided Defendant's counsel with 502 pages of discovery materials, including an itemized list of the documents provided (Govt. Exh. A).

6.      The discovery materials include all law enforcement reports referencing Defendant Washington and her criminal activities; the search warrant issued for her personal residence and her prior criminal history. The reports include all pertinent dates and alleged locations of the criminal activity alleged to have been undertaken by Defendant Washington in furtherance of the drug trafficking conspiracy. Further, the names of government witnesses have been included in the law enforcement reports.

(Govt.'s Resp. at 3).

5

Full discovery obviates the need for a bill of particulars.  *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003); *see also United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014).

This Court concludes that the Indictment, taken together with the discovery already provided in this case, sufficiently apprises Washington of the charges against her and will allow her to avoid surprise at trial.   The same is true for the other two Defendants, Byrd and Little.

Accordingly, the Court shall deny this motion.

**B.    Motion To Require Disclosure And Production Of Prosecution Informants (All 3 Defendants)**

In this motion, Washington states notes that law enforcement "used confidential informants and sources of information to gather information about the alleged conspiracy." (Def.'s Motion at ¶ 3).  Washington asserts that: 1) at least one informant was utilized to introduce an undercover law enforcement officer to members of the alleged conspiracy," 2) that the search warrant was granted in part based on information provided by confidential informants and sources of information; and 3) a "confidential informant was used to set up multiple controlled buys in this case."  (*Id*. at ¶¶ 4-6).  Washington states that the Government has not disclosed the confidential informants and asserts that the "confidential informants likely have knowledge of the alleged conspiracy, which could dissolve the possibility of" her involvement. (*Id*. at 8).  Washington's brief asserts that "[t]he informant has a significant role in this case and disclosure is a necessity to ensure fairness here."  (Def.'s Br. at 5).  Washington does not specify, by abbreviation or description of involvement, the confidential informant(s) she wants identified. She states that defense counsel would like to interview the confidential informant, but does not

6

explain how disclosure of the informant would substantively assist her defense.

In response, the Government notes that confidential informants made three controlled purchases noted in the search warrant affidavit but notes those were done very early in the investigation and that Byrd pleaded guilty to those offenses in state court.  Thus, the Government argues the confidential informants had a limited role.  Moreover, the Government asserts that "information concerning informants who have only been used for the limited purpose of securing a search warrant, or introducing a defendant to an undercover agent, is generally not subject to disclosure."  (Govt.'s Br. at 4) (citing *United States v. Cummins*, 912 F.2d 98 (6th Cir. 1990) and *United States v. Sims*, 975 F.2d 1225 (6th Cir. 1992)).

The Court shall deny this motion.

"The question of disclosure generally has been left in the first instance to the discretion of the trial court."  *United States v. Sharp*, 778 F.2d 1182, 1186 (6th Cir. 1985).

The Supreme Court has a long history of protecting the government's "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege is not absolute. It is limited by "the fundamental requirements of fairness." *Id*. at 60. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. at 60  61.

The mere invocation of the right to disclosure of the confidential informant "does not automatically outweigh the public interest in protecting confidential informants." *United States v. Moore,* 954 F.2d 379, 381 (6th Cir.1992). "An informant must be disclosed only upon a showing

by the defendant that disclosure is essential to a fair trial." *Id.*

The burden is on the defendant to "to show how disclosure of the informant would substantively assist h[er] defense." *Moore*, 954 F.2d at 381. Where the defendant's claims are based on "mere conjecture or supposition about the possible relevancy of the informant's testimony," such claims are insufficient to warrant disclosure. *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985). Washington has offered nothing beyond conjecture as to how disclosure of an informant could substantively assist her defense.

In addition, the limited role played by the confidential informants (making controlled buys that Byrd pleaded guilty to in state court and introducing Byrd to undercover officers) also weighs against disclosing the identity of the confidential informants. *Sims*, 975 F.2d at 1238-39.

**C.     Motion For Disclosure Of *Brady* Materials (All 3 Defendants)**

Counsel for Defendant Washington filed this boilerplate motion for disclosure of *Brady* materials. Defendants Byrd and Little joined the motion.

In response, the Government states that it "has provided Defendant Washington with discovery materials and will continue to do so in compliance with it obligations under Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963)." (Govt.'s Resp. at 2). The Government asks the Court to deny the motion because "the government will voluntarily provide Defendants with discovery materials as required by *Brady* and all other applicable rules." (*Id.*).

Accordingly, the Court shall deny this motion as moot.

**D.     Motion To Suppress All Evidence Produced By The Search And Seizure Warrant Executed On 1460 Jeff In Ypsilanti (Washington & Byrd)**

In this motion, Defendant Washington asks the Court to suppress evidence obtained

8

during the execution of a search warrant at 1460 Jeff Street in Ypsilanti, Michigan on April 10, 2014. Washington contends that the affidavit in support of the search warrant "was not proper and fails to establish probable cause." (Def's Motion at 1). Washington's motion also contains other, less-developed arguments, such as that the search warrant did not describe with specificity what the officers were searching for.

Defendant Byrd joined Defendant Washington's Motion to Suppress but offered no argument or analysis.

In response, the Government asserts that the motion should be denied because: 1) the search warrant executed at 1460 Jeff Street was properly issued based upon probable cause that evidence of a crime would be found there; and 2) even if the Court finds the search warrant invalid, suppression of the evidence is not appropriate based on *United States v. Leon*, 468 U.S. 897 (1984).

### 1.  The Search Warrant Is Valid.

Defendant Washington's motion appears to argue that the search warrant issued by the magistrate is invalid on two bases. First, she appears to argue that the search warrant fails to describe the items to be seized with sufficient particularity. Second, she contends that the search warrant affidavit fails to establish probable cause.

### a.  The Search Warrant Describes The Items To Be Seized With Sufficient Particularity.

Items to be seized pursuant to a search warrant must be described with particularity. *United States v. Willoughby*, 742 F.3d 229, 233 (6th Cir. 2014).

Washington contends that the warrant at issue in this case fell short of that standard

because the "Officers had no idea as to what was inside of the home therefore they listed everything imaginable."   (Def.'s Br. at 7).

The Court finds this argument entirely unpersuasive.   The search warrant and the search warrant affidavit in this case clearly describe with particularity the items to be seized and focus on controlled substances, materials involved in packaging and distributing controlled substances, firearms and ammunition, and records and other evidence relating to distribution of controlled substances.   (*See* Search Warrant at ¶ 2; Search Warrant Affidavit at ¶ 2).

### b.   The Search Warrant Affidavit Establishes Probable Cause.

The Fourth Amendment permits the issuance of a search warrant upon showing of probable cause. *United States v. Thomas*, 650 F.3d 300, 307 (6th Cir.2010). In order to establish "probable cause sufficient to justify a search warrant, the proponent must submit an affidavit that indicate[s] a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Dyer*, 580 F.3d 386 (6th Cir.2009) (citing *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir.2005)).

Whether the information in the affidavit satisfies the "fair probability" requirement "depends on the totality of the circumstances." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.' " *Id*.

The magistrate's determination of probable cause is "afforded great deference and should be reversed only if arbitrarily made." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006). "In reviewing the sufficiency of the evidence supporting probable cause, [the Court] is limited to examining the information contained within the four corners of the affidavit." *United*

*States v. Dyer, II,* 580 F.3d 386, 390 (6th Cir. 2009). In moving the Court to suppress evidence, the burden of proof lies upon the defendant to show a violation of a constitutional or statutory right which justifies suppression. *United States v. Rodriguez  Suazo*, 346 F.3d 637, 643 (6th Cir. 2003).

Washington first contends the search warrant affidavit did not establish probable cause, arguing that while Defendant Byrd "had been under investigation," there "was no evidence that would lead one to believe that fruits of a crime would be found at 1460 Jeff, Yspilanti, Michigan other than the fact that his girlfriend (WASHINGTON) and child resided there." (Def.'s Motion at 2).

The Court disagrees.  The Search Warrant Affidavit prepared by Corporal Jeffrey Carek is fourteen pages long.  As probable cause for the search warrant at 1460 Jeff Street, the search warrant affidavit included, but was not limited to, the following:

- Historical information concerning Byrd's arrest in Ypsilanti, Michigan in November of 2012, at which time Byrd was found to have crack cocaine and heroin in a car he was driving, and that car was registered to Washington, who showed up at the scene of the traffic stop and stated that she and Byrd are intimate. (Search Warrant Affidavit at ¶¶ M-P).

- Three separate controlled buys of crack cocaine or heroin from Byrd in January of 2013, using confidential informants / sources of information.  On each of those occasions, Byrd showed up to the controlled buys driving a car that was either registered to Washington or a car that had been observed in front of 1460 Jeff Street just prior to the controlled buy. (Search Warrant Affidavit at ¶ Q).

- A report regarding a March 2, 2014 traffic stop, where Byrd was found driving a car rented by Washington as the sole authorized driver, Byrd was found to have a large sum of money on his person, a canine gave a positive indication for the odor of controlled substances, but none were found, and Washington responded to the scene and took possession of the car. (Search Warrant Affidavit at ¶¶ Y-Z).

- Other controlled buys by undercover detectives, in March of 2014, that involved Byrd

showing up to the controlled buys driving a car that was registered to Washington or had been rented by Washington, with her as the only authorized driver. (Search Warrant Affidavit at ¶¶ BB-EE).

•   Public records that indicate that Washington owns the property at 1460 Jeff Street, claims it as her principal residence for tax purposes, and has the electric bills in her name at the property. (JJ-LL)

•   Information concerning Byrd's criminal history and Washington's criminal history indicating that they both have prior drug convictions that involved cocaine or heroin. (Search Warrant Affidavit at ¶¶ QQ-RR).

•   Byrd's Federal Probation Officer, Corey Elder, has been told that Byrd and Washington share a bedroom at the 1460 Jeff Street residence, that their daughter sleeps in the other bedroom, and that the back bedroom doors are always closed during probation visits and when he asks to look in them he is given reasons why he cannot go into the bedrooms. (Search Warrant Affidavit at ¶¶ UU).

The Court concludes that the search warrant affidavit here indicates a fair probability that evidence of a crime will be located at 1460 Jeff Street.[1]

> **2.    Even If The Search Warrant Were Invalid, This Court Would Decline To Suppress The Evidence, Based On The *Leon* Good-Faith-Reliance Exception.**

Alternatively, the Government asserts that even if this Court determines that the search warrant was invalid, suppression of the evidence is not warranted here because the officers relied upon the validity of the warrant and acted in good faith. The Government relies on *United States v. Leon*, 468 U.S. 897, 926 (1984).

"In *Leon*, the Supreme Court held that the exclusionary rule 'should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant

---

[1]Washington's motion also argued that the "affidavit lacked indicia of the veracity and reliability of the confidential informant" (Def.'s Motion at ¶ 10). As discussed at the hearing, the Court finds this argument without merit because the confidential informants had a very minor role and the search warrant affiant was actually present when controlled buys were made by confidential informants. (*See* Search Warrant Affidavit at ¶¶ Q. 2 & 3).

that is subsequently held to be defective.'" *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir.1996) (quoting *Leon*, 468 U.S. at 905).   The Sixth Circuit has held that there are four specific situations where the *Leon* good-faith-reliance exception is inappropriate: "(1) where the affidavit contains information the affiant knows or should have known to be false; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable [or] where the warrant application was supported by [nothing] more than a "bare bones" affidavit[2]; (4) where the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid." *United States v. Washington,* 380 F.3d 236, 241 (6th Cir. 2004).

Here, Defendant Washington's motion anticipates that the Government will assert that the *Leon* good-faith-exception should be applied here.  (Def.'s Motion at ¶ 17) (noting the good-faith exception applies "absent unusual circumstances.").  Her motion suggests that the good-faith exception should not be applied here because there is some information in the search warrant affidavit that the affiant knew was false (*see* Def.'s Motion at ¶ 16) but neither her motion nor her supporting brief identify any information in the search warrant affidavit that the affiant allegedly knew was false.

Accordingly, even if the Court were to conclude that the search warrant is invalid, based on what has been presented, suppression of the evidence would not be warranted under *Leon* and its progeny.

---

[2]A "bare bones" affidavit "states suspicions, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir.1998).

13

**E.      Motion For Disclosure Of Grand Jury Transcripts (All 3 Defendants)**

Counsel for Defendant Washington filed this motion asking the Court to disclose grand jury transcripts.  Byrd and Little joined in this motion but offered no analysis.

"Rule 6(e)(2)'s general prohibition of disclosure of matters occurring before a federal grand jury represents a strong and longstanding policy designed to promote the candid and free testimony of witnesses who appear before a grand jury." *Federal Deposit Ins. Co. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990).

Washington's motion acknowledges that the United States Supreme Court has held that for grand jury testimony to be disclosed there must be a showing by the defendant of the "compelling necessity" which is required for breaking the "indispensable secrecy of grand jury proceedings."  (Def.'s Br. at 4) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).  Washington also acknowledges that the requested transcripts should only be disclosed where the desired material will avoid a possible injustice and the need for disclosure is greater than the need for continued secrecy.  (Def.'s Br. at 4-5) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979)).

A district court's denial of a motion for disclosure of grand jury materials is reviewed for abuse of discretion.  *United States v. Rutherford*, 509 F.3d 791, 794 (6th Cir. 2007).

Here, Washington asserts that the Court should order the requested disclosure of those grand jury transcripts because "there is a strong need to prevent not only untruthful testimony but also inconsistent testimony amongst federal agents and government witnesses."  (Def.'s Motion at ¶ 10).

In response, the Government states that the "only grand jury testimony in this matter has

14

been provided by the ATF Case Agent, Ted Crews.  Therefore, contrary to Defendant's

argument, no inconsistent testimony by government witnesses and agents was given to the grand

jury.  Only one witness testified.  Defendant has failed to identify evidence of any inconsistencies

which would warrant disclosure."  (Govt.'s Resp. at 3).  The Government contends that the

"grand jury transcripts in this matter should not be provided to Defendant until such time as

required by other applicable federal discovery rules."  (*Id*.).

The Court agrees with the Government's position and shall deny this motion.

**F.      Motion For Severance Of The Parties (Washington Only)**

In this motion, Washington asks the Court, pursuant to Fed. R. Crim. P. 14, to order a

separate trial for her.

The decision to grant or deny a motion to sever rests within the wide discretion of the

district court and will not be reversed absent an abuse of discretion.  *United States v. Long*, 190

F.3d 471, 476 (6th Cir. 1999).

Federal Rule of Criminal Procedure 14 provides that"[i]f the joinder of offenses or

defendants in an indictment, an information, or a consolidation for trial appears to prejudice a

defendant or the government, the court may order separate trials of counts, sever the defendants'

trial, or provide any other relief that justice requires."  As a "general rule," however, "persons

jointly indicted should be tried together."  *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir.

1987).  Thus, "[w]hen a defendant seeks severance, [s]he has a heavy burden of showing specific

and compelling prejudice."  *Id.*

"[A] district court should grant a severance under Rule 14 only if there is a serious risk

that a joint trial would compromise a specific trial right of one of the defendants, or prevent the

15

jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 526, 539 (2011). The Sixth Circuit has explained that:

> Examples of such "serious risk[s]" include where evidence is admissible against one defendant but not another, where jointly tried defendants have "markedly different degrees of culpability," or where exculpatory evidence would be inadmissible in a joint trial. *Id.* However, there is no test or exclusive list of putative prejudices, as "[t]he risk of prejudice will vary with the facts in each case." *Id.* Risk of simple prejudice is insufficient to sever the trials of co-defendants; the prejudice must be "'compelling, specific, and actual,'" *Gardiner,* 463 F.3d at 473 (quoting *United States v. Saadey,* 393 F.3d 669, 678 (6th Cir. 2005)), or "substantial" or "undue," *Caver,* 470 F.3d at 238 (quoting *United States v. Davis,* 177 F.3d 552, 558 (6th Cir. 1999)) (internal quotation marks omitted). No matter the adjective employed, to prevail on appeal whatever prejudice a defendant endured as the result of the denial of his severance motion must be something more than the run-of-the-mill, plain vanilla prejudice that is incident to, or at least likely to arise in, any criminal trial involving more than one defendant.

*United States v. Martinez*, 432 Fed. App'x 526, 529 (6th Cir. 2011).

Here, Washington notes that she is only charged in Count One of the Indictment; whereas her co-defendants are charged in the remaining nine counts. She asserts that because they are charged with being felons in possession of firearms, the jury will become "familiar with and aware of" her co-defendants' criminal histories. (Def.'s Motion at ¶¶ 14-15). Washington also asserts that "highly inflammatory evidence will be introduced against Co-Defendants, but this same evidence will not be admissible against" her, and that would lead to confusion among the jurors. (*Id.* at ¶ 18).

Washington also asserts that the "high volume of defendants and complexity of the conspiracy could also lead to possible confusion amongst the jury." (*Id.* at ¶ 19).[3] But

---

[3] Washington also asserts that to group her "with actual members of the Cook organization would be nothing short of an injustice." (Def.'s Br. at 8). But there is no "Cook organization" at issue in this case.

Washington has only two co-defendants, so this is not a case with a "high volume" of defendants.

In response to the motion, the Government states that Washington has been identified as the cousin of Little and the girlfriend of Byrd and has been involved in the drug trafficking conspiracy with them. The Government contends that joinder of the defendants for trial serves the dual goals of trial economy and convenience. It further asserts that Washington's claim of prejudice by virtue of the jury knowing the criminal histories of her co-defendants is without basis because in these kinds of cases the defendants and the Government typically stipulate that the defendant had a prior generic felony   such that the jury will not know the criminal histories of Washington's co-defendants.

The Court agrees and shall deny Washington's Motion to Sever. Moreover, as the Government noted at oral argument, the jury is presumed capable of sorting out the evidence and considering the case against each defendant separately. *United States v. Warner*, 690 F.2d 545, 553 (6th Cir. 2015).

## CONCLUSION & ORDER

For the reasons set forth in this Opinion & Order, **IT IS ORDERED** that the Court hereby:

1)   **DENIES** the Motion for Bill of Particulars (D.E. No. 31);

2)   **DENIES** the "Motion To Require Disclosure And Production Of Prosecution Informants" (D.E. No. 32);

3)   **DENIES AS MOOT** the "Motion For Disclosure Of *Brady* Materials" (D.E. No. 33);

4)   **DENIES** the "Motion To Suppress All Evidence Produced By The Search And Seizure Warrant Executed On 1460 Jeff In Ypsilanti And Request For An Evidentiary Hearing" (D.E. No. 34);

5)      **DENIES** the "Motion For Disclosure Of Grand Jury Transcripts And Exhibits" (D.E. No. 35); and

6)      **DENIES** Washington's "Motion For Severance Of The Parties" (D.E. No. 36).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

18